IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-76,570-01 & -02






EX PARTE YEMIEL VICTORIO DELGADO, Applicant








ON APPLICATIONS FOR A WRIT OF HABEAS CORPUS


CAUSE NOS. 23747 & 23886 IN THE 75TH DISTRICT COURT
FROM LIBERTY COUNTY 




 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for a writ of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated
kidnapping and aggravated sexual assault and sentenced to imprisonment for fifteen years on each
count. He did not appeal his convictions. 

 Applicant claims that counsel rendered ineffective assistance. On November 2, 2011, we
remanded these applications to the trial court for findings of fact and conclusions of law. On remand,
after holding an evidentiary hearing, the trial court made findings of fact and conclusions of law and
recommended that we deny relief. We believe, however, that the trial court's findings of fact and
conclusions of law are not sufficient to resolve Applicant's claim.

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 668 (1984). In these circumstances, additional facts are needed. As we held in Ex parte
Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for
findings of fact. The trial court may order counsel to file a second response. The trial court may also
use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). 

 Applicant appears to be represented by counsel. If he is not and the trial court elects to hold
a second evidentiary hearing, it shall determine whether Applicant is indigent. If Applicant is
indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent
him at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make further findings of fact and conclusions of law as to whether
counsel was deficient by failing to interview witnesses, retain an expert, and advise Applicant of
available scientific evidence. (1) If it determines that counsel was deficient, the trial court shall also
determine whether Applicant has established that he would have pleaded not guilty and insisted on
a trial but for counsel's deficient performance. Hill v. Lockhart, 474 U.S. 52, 59 (1985). The trial
court shall also make any other findings of fact and conclusions of law that it deems relevant and
appropriate to the disposition of Applicant's claim for habeas corpus relief.

 These applications will be held in abeyance until the trial court has resolved the fact issues. 
The issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of
the order granting the continuance shall be sent to this Court. A supplemental transcript containing
all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing
or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 

Filed: February 15, 2012

Do not publish 


 
1. In its original findings and conclusions, the trial court stated that the "evidence showed
that . . . Applicant's counsel's performance may have been deficient in one or more
particulars[.]"